# UNITED STATES DISTRICT COURT

for the

__________ District of __________

__________ Division

Case: 1:26-cv-04002
Assigned To : Unassigned
Assign. Date : 11/12/2026
Description: Employ. Discrim. (H-DECK)

Seth Tyler Alterman

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

National Passenger Railroad Corporation DBA Amtrak

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Seth Tyler Alterman |
| Street Address | 1250 Half Street SE apt 825 |
| City and County | Washington District of Columbia |
| State and Zip Code | District of Columbia 20003 |
| Telephone Number | (914)467-9273 |
| E-mail Address | sethalterman93@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

RECEIVED
NOV 12 2026
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

Defendant No. 1

| | |
|---|---|
| Name | National Passenger Railroad Corporation DBA Amtrak |
| Job or Title *(if known)* | |
| Street Address | 1 Massachusetts Avenue NE |
| City and County | Washington District of Columbia |
| State and Zip Code | District of Columbia 20001 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Washington Union Station |
| Street Address | 50 Massachusetts Avenue NE |
| City and County | Washington District of Columbia |
| State and Zip Code | District of Columbia 20001 |
| Telephone Number | |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:

Family Medical Leave Act of 1993

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*: ______

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

The discrimination started in June 2024 and is actively ongoing.

C. I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race ______
- ☐ color ______
- ☐ gender/sex ______
- ☐ religion ______
- ☐ national origin ______
- ☐ age *(year of birth)* ______ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

  Autism, Aspergers Syndrome, PTSD, Depression

E. The facts of my case are as follows. Attach additional pages if needed.

See attached seperate document.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

August 7th 2026.

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☑ issued a Notice of Right to Sue letter, which I received on *(date)* 08/21/2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I am seeking reinstatement of employment with full seniority restored to my original seniority date from July 2021. with complete and full back pay, including all overtime pay, interest on back pay with applicable pay raises applied that I've missed out on, with a full restoration of all benefits from before my employment ended, plus punitive damages for discrimination, retaliation, wrongful termination, harrassment, FMLA violations, violations of ADA act.

Back pay: Seven hundred thousand dollars. $700,000
Punitive damages totaling approximately one hundred million dollars. $100 million.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/12/2026

Signature of Plaintiff: Seth T Alterman

Printed Name of Plaintiff: Seth Tyler Alterman

### B. For Attorneys

Date of signing: 11/12/2026

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



Print Save As... Add Attachment Reset

I hired with Amtrak initially in October 2018, I was hired in a entry level customer service capacity working for Amtrak, in early 2019 upon completion of the new hire probationary period, I informed my direct supervisors at the time that I had Aspergers syndrome, a form of autism and that I would at times need reasonable accommodations in order to do my job. In June 2021, I was hired as a passenger conductor trainee, a job that I had wanted since I was a young child. As a result of having Aspergers, I have always sought support. In addition, I have suffered from PTSD due to my fathers long term on going illness throughout the entirety of my childhood until I was a freshman in college when my father passed away. From a very young age I was responsible for a large part of my fathers day to day care, After my fathers passing I entered a dark period where I was struggling with my mental health in ways I didn't understand. After years of extensive therapy sessions, the first step in getting answers to my struggles was receiving a diagnosis of PTSD. However, I was still struggling greatly and what I was doing wasn't helping with the mountain of other health conditions and symptoms I was experiencing. After doing some preliminary research about what I was feeling, I determined the likelihood was favorable that I was battling depression in addition to the other health conditions I already was going through. In January 2022, I experienced the deaths of two friends who respectively passed away within two days of each other which completely exacerbated everything and made the other health issues I was already experiencing more difficult. After several months throwing myself into my work as a distraction, and with things not getting better I sought further help and made an appointment with my primary care physicians office to try and get some answers. It was there at the appointment I had made, I was seen by the office's physicians assistant, I was formally diagnosed with Depression. At the time of that appointment I was given a prescription medication for the anxiety Symptoms caused by Aspergers, the on-going PTSD symptoms, and now depression. I was encouraged to apply for FMLA on intermittent basis to for when the flare ups where so bad, it required me to take off work on account of the unpredictable periodic flare ups.

I took the FMLA prescription to Amtrak and followed the appropriate steps provided by Amtrak to have my FMLA approved. It initially was approved without issues. I never had any issues with my FMLA with Amtrak until I had to go through the renewal process for FMLA starting in June 2024. This is where the problems began, from June 2024- August 2024 I was in back and forth communication with the Amtrak leave office that handles FMLA, I was subjected to behavior from Amtrak that was discrimination, harrassing, constituting possible HIPPAA issues regarding my medical privacy, bullying among others just to name a few, which the stress of it all exacerbated my health. Anyways this behavior went on until late August 2024 when I politely informed Amtrak how I felt and requested my FMLA be approved or I would have to take this matter to court. Sometime thereafter my FMLA renewal request was approved for 2024- 2025. Now, fast forward to June 2025, I go to renew my FMLA as required and unfortunately the same pattern of behavior from Amtrak from 2024 resumed despite my doctors filling out the appropriate forms and following the proper protocol required.

Again, going back and forth with them via email regarding my FMLA. Then in August 2025, Amtrak on August 11th 2025 discriminates against me by having my direct supervisor under orders of her supervisors trying to deny me further work opportunities using my calling out FMLA as their reasoning. Suspecting that was discrimination, I called someone from my union to report the behavior from Amtrak and ask for advice on how to handle the matter. I was

advised to call my local chairperson, I did so. He advised me he would make some phone calls and get back to me. Later that day I received a call from my direct supervisor to inform me they were no longer blocking my work opportunities and I should report the next day at a specific time for duty, I don't recall exactly what time. Fast forward a month later, on September 18th, I am called into the bosses office for what was supposed to be an informal conversation, wound up being an interrogation about alleged things that occurred between September 9th and September 13th 2025. Specifically focusing in on Tuesday September 9th and Friday September 12th 2025. Both days Where I was off duty on scheduled days off. I was questioned about my personal whereabouts on my designated days off. I was then questioned further about what I did on those days, the kinds of foods I was eating and the activities I was doing among other things. I was suspicious but remained polite and answered the questions within reason. After the conversation ended I was asked to provide a written statement. I provided a brief written statement. After that conversation, I was informed I was being taken out of service without pay, pending investigation for my whereabouts and activities on my own personal time. I had just been retaliated against for my FMLA, and reporting the discrimination from august to the union. A week after my suspension, two things happened in short order, the first one was that I received notice from Amtrak that my FMLA renewal for 2025-2026 been denied. The second thing was that I was being brought up on internal company charges, which were not formal charges, rather only accusations of infractions I allegedly committed on September 9th 2025. As previously mentioned, September 9th 2025 was one of my scheduled days off work, where I was not required to be on company property at any point during that day and whilst I was on my own personal time. I was accused of an alleged safety rule violation, one which the company has no proof, evidence or witnesses to prove beyond a reasonable doubt that I was guilty of the accused accusation. Fast forward to October 29th 2025, I was summoned to appear for the investigation which was my internal company trial for the alleged accusation above but never formally charged. The punishment for being found guilty of the alleged charge would be termination of employment in all capacities. Before the trial I was informed by my union counsel that no matter what happened, I was going to be found guilty and terminated by Amtrak because that's just how this works. Amtrak finds in their own favor no matter what and the only way I stood a chance of receiving my job back was through the union arbitration process that would follow. The odds were and remain stacked against me. During the company trial it was proven clearly by my union counsel the company failed to make their case, Only one person was called as a company witness. It was my direct supervisor, who was the same one who had actively discriminated against me in August 2025. During the trial, Amtrak presented a case in which they failed to prove because they failed to provide witnesses, evidence, or any kind of proof that would reasonably be expected and or required to prove my guilt. All they had was the word of my supervisor who was not A physical eyewitness to the accused event that I was charged with, and terminated for. She never witnessed to the accused events and admitted as such During the cross examination from my union representation she admitted on record that she did not witness the accused events, and she had no knowlege of any actual witnesses that did. Amtrak further failed to provide any evidence of the alleged infraction during the trial. On November 13th 2025 I received formal notice of my termination of employment as my union representation said would happen. I was found guilty of the accusation, with not a sole piece of evidence to prove my guilt. Ultimately, I was wrongfully terminated in retaliation over reporting FMLA discrimination and harassment from the carrier to my union. In terminating me, Amtrak failed to provide and show any form of just cause that the termination was warranted. Additionally Amtrak also violated my

rights as a protected class employee under the Americans with disabilities act of 1990 because Folks with Aspergers and autism have a known link to being railroad enthusiasts. On September 9th 2025, the day I was terminated. I was in Altoona Pennsylvania, hiking in the Allegheny mountains and photographing trains at the historic and world famous railroad landmark known as the Horseshoe Curve. Amtrak Alleged that the time I was in violation of the accused act, I was standing next to my personal vehicle, filming the railroad tracks from my camera drone, which the footage is dated, timestamped and geographically marked as to my location. I also make an appearance in the footage where you can clearly see me looking at the controller for the drone proving I was not at a different location as alleged by Amtrak.

- Wrongful termination: As of September 18th 2025 I was taken out of service pending investigation after being harassed by management. The company is aiming to terminate me over what I believe is based on managements own personal vendetta towards me. on account of them attempting to bring me up on company charges me for things I did on my own personal off duty time. On October 29th 2025, I was required to attend an investigation for the charges brought against me. Amtrak had no evidence/ provided no evidence that showed I was guilty of the alleged offense. On November 12th 2025, I was informed via Fedex letter that I was found guilty of the charges despite sufficient evidence to prove the case. Additionally, Amtrak brought me up on additional set of charges for subsequent events of wrongdoing Amtrak alleges I did. However, Amtrak purposely omitted substantially significant evidence that would have exonerated me of the second set of charges they brought against me. Therefore causing me to be wrongfully terminated.

- Harassment: On September 18th, while taking a physical characteristics exam, I was called in for a conversation which ultimately turned into a formal Q&A in which I was questioned by Amtrak management about my whereabouts and things I had done and the foods I had eaten while I was on my own personal time off duty in an attempt to be able to assess company discipline, which they ultimately did and caused subsequently lead to my wrongful termination for the charges brought against me stemming from the harrassing conversation.

- retaliation: I believe that Amtrak is preemptively retaliating against for standing up to their poor handling of my FMLA and their unwillingness to approve my FMLA for 2025-2026. They also discriminated against me over FMLA on August 10th 2025, in which I reported to my union officials. and then 4 weeks later I was harassed, suspended without pay and subsequently wrongfully terminated.

- Discrimination: I was having a flare up of a medical condition that required me to mark off fmla On Sunday August 10th 2025. When I proceeded to mark back up from FMLA, I was told that I would need to mark up the extra board instead of my qualifying symbol per Trainmaster Andrea Richardson. I called TM Richardson and left her a voicemail to inquire. The following day On Monday August 11th I received a phone call from TM Andrea Richardson, during said phone call, she informed me that I was being denied the opportunity to continue qualifying based on direction she received from her supervisor ASO Jason Christiansen. I was told, "as direct result of my ongoing health issues, I would not be allowed to continue qualifying because marking off FMLA for health issues were preventing Amtrak from being able to send other people below me in seniority out to qualify." I took the phone call in presence of a witness who with me at the time of this call and directly overheard the blatant discrimination. In the immediate aftermath I called multiple people for advice on how to handle the matter. Those people were my mother and leaders from my union Which ultimately lead to the subsequent harassment and wrongful termination I have faced.

- Hippa Violations: Amtrak continuously is requesting my doctor to provide information about my medical health history for FMLA approval purposes.

Information like providing written statements asking for enhanced explanations of my condition, which falls under the purview of my medical privacy and the protections afforded to me under my medical privacy.

- FMLA violations: during the FMLA renewal process not only this year 2025, but additionally in 2024, Amtrak would not initially approve my FMLA because they wanted my doctor to provide information about my medical health history that they are not required or need to know beyond the FMLA Medical certification form under the FMLA law. They also have consistently questioned the flare up schedule my doctor has provided to them. They are trying to limit how much time I can take off for intermittent leave, trying to circumvent the schedule my doctor set based on what they determined I need.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 570-2026-00821 |
| D.C. Office Of Human Rights | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Mr. Seth T. Alterman

Phone No.: 914-467-9273

Year of Birth: 1993

Mailing Address: 1250 Half Street SE apartment 825
WASHINGTON, DC 20003

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: NATIONAL RAILROAD PASSENGER CORPORATION (D/B/A AMTRAK)

No. Employees, Members: 501+ Employees

Phone No.:

Mailing Address: Washington Union Station 50 Massachusetts Avenue
WASHINGTON, DC 20002, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 09/09/2025

Latest: 11/12/2025

THE PARTICULARS ARE:

On October 22nd 2018, I was hired by Amtrak in a customer service capacity, within the first year of my hire, I made Amtrak aware of some disabilities I was born with that place me in a protected class employee status. in 2021, I was promoted from a customer service station employee to my childhood dream job of being a Conductor! In late 2021, I began having health issues which lead me to seek treatment in late 2021 early 2022, where I was diagnosed with some comprehensive and extensive health issues that was ultimately determined to have been connected to and caused by the disabilities that I have had since birth. Which were the ones I made Amtrak of aware of as stated. I was approved for FMLA shortly thereafter. I have had FMLA provided by Amtrak since that time largely without issue. Now, Fast forward to around June 2024, here's where the problems began. Amtrak began to actively discriminate against me in regards to my FMLA which I have due to my disabilities, that were requested by my physician. Over the course of several months during 2024, Amtrak actively discriminated against me regarding my FMLA which I have as a direct result of my disabilities. they made attempts to violate my hippa rights, were harassing me over fmla renewal paperwork filled out by my doctor, etc. After several back and forth communications with them, in which they violated my rights, belittled me by saying my doctors word wasn't enough and that they needed more medical history from my doctor which I was not willing to provide because legally my doctor had already provided what information he was required. Ultimately after much back and forth, Amtrak approved my FMLA for 2024-2025. Renewal time in 2025, Amtrak began repeating the same discriminatory behaviors they had in 2024. After more back and forth email communication between myself and Amtrak, which I have ALL email correspondence as proof of Amtrak's actions and behavior. Instead of just approving my

FMLA like they should have, I was subjected to further discrimination which lead to Amtrak retaliating against me by Amtrak's Vice president of operations, Jared Alston, assistant superintendent of operations, Jason Christiansen. The manners in which they retaliated against me were by suspending me without pay and later termination of my employment on multiple company charges, which I have evidence that exonerates me of all charges brought. Ultimately though I was terminated for an alleged safety rule violation that they claim occurred while I was off duty, on my own personal time, and was not on company property. Despite Amtrak under Jared Alstons orders, not having a single piece of evidence or witnesses. During my company trial, they called my immediate supervisor to testify as the company's witness. When questioned by my union representative on cross examination, she was asked directly if she witnessed me or knew of anyone else that witnessed me, her answer on the record provided was no, I did not witness nor were there any witnesses that i was aware of. Amtrak has no proof to say I was actually guilty. Furthermore, on the charge I was fired for, I have video evidence that I make a cameo in, with the corresponding meta data to prove my innocence, Amtrak cannot legally terminate a protected class employee for pursuing my own personal interests which are also a direct result of my disabilities from birth that Amtrak has been aware of since I began working for them. Making my termination on November 13th 2025 not only illegal, but wrongful and retaliatory, as a protected class employee with disabilities that need to be reasonably accommodated under the Americans with Disabilities act of 1990. Amtrak, acting under the direct orders of VP Jared Alstom did anything but that, instead I was harassed, discriminated against and ultimately retaliated against. Which, I have the necessary evidence to prove.

I believe that I have been discriminated against due to my disability and retaliated against for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Seth T. Alterman

08/12/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

________________________________________

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary ________________________________________

Printed Name ________________________________________

## CP Enclosure with EEOC Form 5 (06/24)

### Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).
2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Washington Field Office**
131 M Street, NE Fourth Floor, Suite 4NWO2F
Washington, DC 20507
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/21/2026

**To:** Mr. Seth T. Alterman
1250 Half Street SE apartment 825
WASHINGTON, DC 20003
Charge No: 570-2026-00821

EEOC Representative and email: JUAN MUNOZ
EQUAL OPPORTUNITY INVESTIGATOR (BILINGUAL-SPANISH)
JUAN.N.MUNOZ@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 570-2026-00821.

On behalf of the Commission,

Digitally Signed By:Mindy E. Weinstein
08/21/2026

Mindy E. Weinstein
Director

**Cc:**
Andrea Gansen
Andrea.Gansen@amtrak.com

Jared Garth
Jared.garth@amtrak.com

Lori Carre
Lori.carre@amtrak.com

NATIONAL RAILROAD PASSENGER CORPORATION (D/B/A AMTRAK)
Washington Union Station 50 Massachusetts Avenue
WASHINGTON, DC 20002

Alison Davis
2301 Mcgee St , Ste 800
Kansas City, MO 64108

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 570-2026-00821 to the District Director at Mindy E. Weinstein, 131 M Street, NE Fourth Floor Suite 4NWO2F, Washington, DC 20507.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 570-2026-00821 to the District Director at Mindy E. Weinstein, 131 M Street, NE Fourth Floor Suite 4NWO2F, Washington, DC 20507.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.

-  Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
-  An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
-  An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

-  "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
-  The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
-  A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.